United States v. McCarroll, Mr. Schindler. May it please the court, my name is Ralph Schindler. I represent Lawrence McCarroll. This is a one-issue case basically. Mr. McCarroll was originally sentenced to a term of 33 years of imprisonment back in the 80s, I believe. He served 20 years of his time. Subsequently, there was amendment 782 to the sentencing guideline that came about. And it reduced his guideline from level 42 criminal history 6 to level 40 criminal history 6. And so I brought a motion for reduction under section 3582 before Judge Tharp and the district court. And citing the language specifically of... I thought he was criminal history category 3. No, Your Honor, I believe he's category 6. I may be incorrect. Let's not make it worse than it is. Yes, Your Honor. The district judge said 3. Okay, it must be 3 then. But 3582 specifically says in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. 944. So there's no question that his sentencing range was subsequently lowered. The problem is that if you look at the sentencing table, his guideline didn't change. It was 360 to life at level 42 criminal history 3. And at level 40 criminal history 3, the guideline says 360 to life. So the question is, has there been a sentencing range, a reduction in the sentencing range? We would contend, and we contended in the district court, that basically what's on the sentencing table is you have six columns, you have 43 offense levels, so we have 258 different sentencing ranges. Technically they're called guideline ranges. But if you look at the application note that's cited in my brief, it suggests that in determining a change in a sentencing range, you look at was there a change in the offense level and was there a change in the criminal history category. And so it's our contention that applying that language of the 1B1.10, which specifically talks about eligibility, it says eligibility for consideration under 3582C2 is triggered only by an amendment listed in subsection D that lowers the applicable guideline range, i.e. the guideline range that corresponds to the offense level and criminal history category. So if that is correct, it's our contention that we don't really look at what the number is in the box on the sentencing table. We look at the combination of the offense level and the criminal history to see if we move down a box. Do we move down two boxes? Or is there some other provision, such as the career offender guidelines, that would indicate that you don't move out of that box? So that's the basis of the argument. It's a one-issue case, Your Honor. There is a prior case of Taylor in this court that seems to suggest contrary, but I believe that was not a main issue in that case. It was kind of a ‑‑ a pivotal point in the case that if the changes in the guidelines did not affect the number, then there's no eligibility. I don't believe that that ‑‑ well, I guess there's a question there. It was originally brought up on a different point, and it was not remanded. The reason it was published was because it dealt with the question of whether this was jurisdictional or not. But the question about whether you're eligible for relief if your guideline range hasn't changed was so straightforward based on prior cases that it really wasn't open for much debate. The analysis of that case, I think they went through the career offender analysis and determined that there was only a one-level reduction in that case, and they decided not to remand it. I think that was there. I think even on a one-level reduction ‑‑ The 2010 case, I believe. Ah, okay. All right. Thank you. Okay. Well, thank you, Mr. Shimmer. Ms. Porter? May it please the Court, Counsel, good morning. The district court properly denied defendant's motion for a section 3582C sentence reduction because despite the sentencing commission's change to the narcotics table in 2014, the defendant's sentencing guideline range here stayed exactly the same. Defendant Lawrence McCurrell was sentenced 20 years ago in 1996 based on his role as the leader of a large crew that distributed over 70 ‑‑ reduced his sentence on the theory that the fact that there had been an amendment, that his base offense level had been dropped. Yes, that's right. Justified a lower sentence. Even if the guidelines range was unchanged, I mean, it's still significantly that the base offense level was lowered. Well, it's not as significant for this defendant as it might be for some others, Your Honor, given the seriousness of his crime. If he had been in a much lower offense category or a lower criminal history, then a change of two levels would, in fact, make a difference and make him eligible for the district court to consider his 3553A arguments. Why was the base offense level reduced? Because under the guidelines at the time that he was sentenced in 1996, 30 kilograms of heroin and up qualified for the highest offense level, which was 38. Under the amendment in 2014, the amount of heroin that would qualify a defendant for that highest category was substantially increased to 90 kilograms or more of heroin. So because the defendant's heroin quantity that he was found responsible for was 75 kilograms of heroin, under these new amendments, if he hadn't been so high up on the table for other reasons, he would have been eligible for the district court to consider that. This defendant, however, was also a leader of this vast distribution conspiracy, so he had a four-level increase, and even though his base offense level dropped to 36 under the new guidelines, he still had that four-level increase for leadership. So he was still in that territory where his guidelines were 360 to life. Well, did the judge discuss whether the fact that he was a 75-kilogram guy rather than 90 was something the judge should at least consider? He did not, and that wouldn't have been appropriate for him to do. Why wouldn't it be? I mean, the guidelines are not mandatory, right? So why couldn't the judge say, well, you know, your guidelines sentence is unchanged, but after all, you weren't quite as bad as it seemed because now we think that the 90-kilogram figure was too high. The answer to your question is that the district court had no jurisdiction to make that analysis. The statute is very clear the circumstances under which a district court judge can revisit those kinds of questions. It's not a matter of jurisdiction, though. That's what Taylor said. He didn't have the power to do this. Yes, he was not empowered by the statute to lower the defendant's sentence under the circumstances presented in this case. I don't understand. Why wasn't he? Well, first of all, to your Honor's factual question, when the Seventh Circuit considered Lawrence McCarroll's case back in the day 20 years ago, the Court of Appeals not only affirmed that 75-kilo of heroin figure but found that it was a very conservative amount given the evidence that had been presented at the trial in this case. Beyond that, however, what the district court judge was charged with doing was making an analysis of whether under Section 3582 the defendant's sentencing range had been lowered by the Sentencing Commission, which it had not, and further, the district court was required to comply with the My question is, what would prevent the judge from reducing the sentence? The statute, 3582, which both requires that the sentencing range be lowered and also requires that a reduction be consistent with policy statements by the Sentencing Commission. Here, the Sentencing Commission in 1B1.10 had a very clear policy statement that any reduction has to be consistent, or I'm sorry, that a reduction in the term of imprisonment will not be consistent with the policy statements and is not authorized under the statute if the amendment does not have the effect of lowering the defendant's applicable guideline range, and that is the case here. So the judge would have been improper in considering those arguments and reducing the defendant's sentence under these circumstances. Okay. Well, thank you, Ms. Porter. We ask that Your Honors affirm the judgment. Thank you. Mr. Schindler, do you have anything further? Just one quick point to follow up on your question, Judge. That's essentially what we ask for is a hearing to see if Mr. McCarroll has been good, has he earned his GED, what has he done with himself during his 33 years in prison. But Judge Tharp said, I don't have jurisdiction to even hear this because there has not been a change in the number. We contend, well, there was a change in the sentencing range, so you have jurisdiction to give us a hearing. He says, no, there's been no change in the 360 to life number, therefore you don't get a hearing. Well, Ms. Porter said he wouldn't be authorized to make any change. My understanding is his opinion says I don't have any jurisdiction under the Taylor case to even consider the motion because there's been no reduction in the guideline range. Now, that's guideline range, but the 3582 statute says sentencing range. It's a different term. So I think the issue before this court is what does 3582 mean to grant jurisdiction for the sentencing range? You think sentencing range is the statutory range? Statutory. What do you think it means? I think it means any box on the sentencing table that's changed. If there's been a lower sentencing range, a combination of offense levels and criminal history, if you move down two boxes as he did from 42 to 40, then you get a chance for a hearing to prove your case. And the new offense level, low end of the range, which in this case would be 360, he has a chance to prove to the court that instead of a 33-year sentence. I understand your point. I'm trying to understand what you think is the difference between the phrase sentencing range and guideline range. See, if sentencing range means the statutory range, then that's irrelevant. Sentencing range is used in 3582C. It doesn't use guideline range. I'm asking you. You're making a big deal. You're telling us that means something different. What do you think it means? I think it means, as the application in 1B1.10 says, it's a combination of the offense levels and criminal history points. And if you move to a different box. Even if it has the same content. Even if it has the same number in the box. Okay. It's a different sentencing range for 3582 purposes. Thank you. Okay, thank you, Mr. Schindler. So, were you appointed? Thank you. Okay.